# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY GAPEN,

        Petitioner,    :    Case No. 3:08-cv-280

- vs -

        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.    :

## DECISION AND ORDER

This case is before the Court on Petitioner's Motion to Partially Strike Respondent's Sur-Reply (Doc. No. 66) which Respondent opposes (Doc. No. 68).

Rule 2(c) of the Rules Governing § 2254 Cases provides that a habeas petition must:

    (1)    specify all the grounds for relief available to the petitioner;

    (2)    state the facts supporting each ground;

    (3)    state the relief requested;

    (4)    be printed, typewritten, or legibly handwritten; and

    (5)    be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 5(b) provides that "the answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(c) provides merely that a "petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by

the judge." Rule 12 provides that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

The Amended Petition (Doc. No. 31) in this case is 123 pages long. In addition to grounds for relief and statements of fact, it contains many citations of law and a great deal of argument about the facts and law. The Return of Writ (Doc. No. 33) is nearly as long and also contains citations of law and argument. Petitioner then filed a Traverse (Doc. No. 50) that is 474 pages in length, including a 26-page table of contents and a six-page introduction. Finally, having obtained permission to do so, the Warden filed his Sur-Reply (Doc. No. 62), the smallest of the four pleadings at only 106 pages.

Petitioner argues that the Warden has exceeded the parameters for which he was granted leave to file a sur-reply:

> It has become apparent in capital habeas cases that the issues morph from the time the Petition is filed to the time the Traverse is filed. This morphing often causes new issues to be improperly raised in the Traverse to which the Warden would have no ability to respond. The Warden is simply requesting this Court to permit him the opportunity to respond to any new claims and raise any defenses the Warden may have on those new claims.

(Motion, Doc. No. 48, PageID 579.) In fact, Petitioner says, the Warden admits that he is "responding directly to Gapen's Traverse arguments – rather than responding to any allegedly new issues or changed claims – in various points in the Sur-Reply." (Motion, Doc. No. 66, PageID 1271.) Whether or not that is true, it scarcely serves the cause of judicial economy to have the Court carefully parsing the Sur-Reply for places where it may make arguments rather than responding to claims when there is a surfeit of argument in the Traverse. To put it another way, the Habeas Rules impose no limits on a traverse. Where, as here, a petitioner has taken full advantage of the leeway

allowed by the Rules for a traverse, the Court is reluctant to hold Respondent strictly to the limits of the Motion he filed seeking leave.

To put it another way, Petitioner argues that the Sur-Reply amounts to a "second, impermissible bite at the Return of Writ apple." (Motion, Doc. No. 66, PageID 1273.)  However, had Respondent sought to file an amended return in lieu of those portions of the Sur-Reply now objected to, the Court would have been required to weight that request under the Fed. R. Civ. P. 15 standards  enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.    Particularly in a capital case where the parties will be obliged to file comprehensive briefs on the merits before the Court decides the case, nothing is gained and at least some scarce judicial time would be lost by trying to enforce rigid pleading rules.

The Motion to Strike is denied.

January 17, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge