# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY GAPEN,

        Petitioner,    :    Case No. 3:08-cv-280

- vs -

        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.    :

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE WARDEN'S MOTION FOR APPROPRIATE RELIEF

This capital habeas corpus case is before the Court on the Warden's Motion for Appropriate Relief which requests that the depositions of the jurors and alternates permitted by Judge Rice's Order of October 31, 2011, be conducted in the presence and under the supervision of the Magistrate Judge (Doc. No. 100). The Warden is concerned to have the boundary between inquiry about outside research and the deliberative process enforced. He also notes that this will enable immediate rulings on objections. Finally, he requests that the Court order that Juror Nedostup be deposed first.

Petitioner objects that there is no authority for the Court to order this relief (Memo in Opp., Doc. No. 102, PageID 1775). He insists that because he has been "granted authorization to conduct certain discovery, Gapen may conduct the discovery *he* requested, in a manner limited by the Federal Rules of Civil Procedure and the Court's order granting the discovery." *Id.* at PageID 1776. In fact, he asserts, "Nothing in the Civil Rules allows one party to control the other party's discovery strategy through the Court, and to do so would be highly inappropriate." *Id.* He claims all

objections can be handled in the usual way of handling deposition objections, i.e., taking the answer subject to the objection (except in the case of privilege objections).

The Warden's request that the Court require that Juror Nedostup be deposed first is denied. As Petitioner notes, there may be testimony from other jurors which would be relevant, regardless of Juror Nedostup's testimony. However, the Warden's request that the depositions be conducted in the presence of the Magistrate Judge is granted.

Judge Rice granted Petitioner "leave ... to depose the jurors and alternate jurors concerning Nedostup's outside research into the death penalty and his discussion of that research with his fellow jurors." *Gapen v. Bobby*, 2011 U.S. Dist. LEXIS 125778 *12 (S.D. Ohio Oct. 31, 2011). He was careful, however, to preserve the shield around the jury's deliberative process and specifically overruled Petitioner's Objections with respect to requested discovery related to subclaims (C) and (D) of the Fourteenth Ground for Relief. *Id.* at *16.

In the Magistrate Judge's opinion, preserving the line between external influences and the deliberative process is important, delicate, and difficult. For that reason, it is well worth the investment of judicial time in supervising the depositions so that immediate rulings can be made on any potential invasion of the deliberative process. Given that several jurors were reportedly reluctant to give affidavits, conducting the depositions in open court should also convey the importance of giving the testimony as well as the neutrality of the setting in which it is to be given.

Fed. R. Civ. P. 30(b)(5) provides ample authority for the Court to designate the officer before whom depositions will be taken. For these depositions, that will be the Magistrate Judge.

Counsel for both parties will consult with one another one available dates for depositions, then consult with the Magistrate Judge's Judicial Assistant, Kelly Kopf, to choose dates. Petitioner

will be responsible for issuance and service of subpoenas for the jurors and alternate jurors.

November 16, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
