# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY GAPEN,

        Petitioner,            :         Case No. 3:08-cv-280

  - vs -                             District Judge Walter Herbert Rice
                                        Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.           :

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO AMEND AND DENYING PETITIONER'S MOTION TO EXPAND THE SCOPE OF DISCOVERY

---

This capital habeas corpus case is before the Court on Petitioner's Motion to Expand the Scope of Discovery (Doc. No. 105) and Motion for Leave to File an Amended Petition (Doc. No. 106). Respondent has filed a consolidated Response in Opposition (Doc. No. 108) and Petitioner has filed a consolidated reply (Doc. No. 109).

Petitioner wishes to question the jurors and alternates who are to be deposed on January 26-27, about "four previously unknown constitutional violations that render his conviction and death sentence invalid." (Motion, Doc. No. 105, PageID 2259.)

The Motion represents that after Judge Rice allowed depositions of the jurors, Gapen's counsel "located and interviewed some of the jurors." *Id.* The attached Affidavit of Jacob Cairns reports interviews with three of the jurors: Mark Maguire, Heidi Reynolds, and Raymond Senter.

1

The first proposed new claim[1] is that Juror Maguire was impliedly biased against Gapen because of a shooting and suicide that occurred in 1997 in the building in which he lived. Mr. Cairns reports his impression "that this event left a strong impression on [Maguire]." (Cairns Affidavit, Doc. No. 105-1, ¶ 19, PageID 2272.) On this claim Petitioner desires only to examine Mr. Maguire about the prior incident.

The second proposed new claim[2] is that the jury considered a document which Juror Maguire told Attorney Cairns they found in Gapen's wallet during deliberations and which Juror Maguire described to Attorney Cairns as "a receipt showing that Mr. Gapen had either purchased or attempted to purchase a gun by using a false Social Security number, and that this had occurred before the homicides took place." *Id.* at ¶ 21, PageID 2273. Juror Maguire regarded this evidence as significant "because it showed Mr. Gapen had been plotting the homicides for some time and that they were premeditated." *Id.* Petitioner's counsel believe Juror Maguire's account is corroborated by their interview with Juror Senter. They wish to depose all jurors and alternates about this document.

The third proposed new claim[3] is a claim of post-trial judicial misconduct. Juror Maguire

---

[1]Twenty-Sixth Ground for Relief: Gapen's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated and his convictions and death sentence are constitutionally invalid because one of the jurors who was seated at his trial was biased and incapable of fairly deciding the case.

[2]Twenty-Seventh Ground for Relief: Gapen's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated and his convictions and death sentence are constitutionally invalid because the jury was in possession of prejudicial evidence during deliberations which had never been admitted at trial.

[3]Twenty-Eighth Ground for Relief: Gapen's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated and his convictions and death sentence are constitutionally invalid due to post-trial judicial misconduct.

asserted to Attorney Cairns that he had told the trial judge about the receipt and the judge told him it was irrelevant. Petitioner's counsel aver that the record does not show that the trial judge disclosed to trial counsel "that the jury had been exposed to extraneous, unadmitted evidence during deliberations." (Motion, Doc. No. 105, PageID 2263.) Counsel wish to expand the scope of Maguire's deposition to inquire about his conversation with the judge. On all three of these claims, Mr. Maguire refused to sign an affidavit.

The final proposed new claim[4] on which expanded discovery is sought is that one of the jurors, as yet unidentified, appeared to one of the alternates[5] "to be asleep at times during the proceedings." (Motion, Doc. No. 105, PageID 2263.) He wishes to depose all the jurors and alternates on this subject to prove his claim that he was deprived of a fair trial by a sleeping juror.

In addition to the claims on which he seeks expanded discovery, Gapen seeks to clarify his existing lethal injection claim and add a new one.[6]

Respondent opposes both Motions. First he asserts all the amendments are barred by the statute of limitations. Second, he argues the new claims are either procedurally defaulted or plainly meritless.

## Analysis

---

[4] Twenty-Ninth Ground for Relief: Gapen's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated and his convictions and death sentence are constitutionally invalid because one of the jurors at his trial slept through part of the proceedings.

[5] The identity of the alternate who reported this observation is not disclosed to the Court.

[6] Twenty-Fourth Ground for Relief: Gapen's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.

Twenty-Fifth Ground for Relief: Gapen's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection under the law.

Under 28 U.S.C. § 2242, a habeas petition may be amended or supplemented as provided in the rules of procedure applicable to civil actions. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. --
> the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990).

In his opposition, the Warden asks the Court to deny the requested amendments because they would be futile, being barred by the statute of limitations or by Gapen's procedural defaults in presenting them to the state courts.

In response to the Warden's statute of limitations defense, Gapen argues that the one-year statute began to run in this case on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," the date provided in 28 U.S.C. § 2244(d)(1)(D). Thus Gapen does not seek the benefit of the relation back doctrine in Fed. R. Civ. P. 15(c)(1)(C), presumably because of the severe limitations on relation back in habeas cases imposed by *Mayle v. Felix*, 545 U.S. 644 (2005).

**Chronology of Discovery Practice**

This case was commenced in August 2008 with Petitioner's Notice of Intent to File a Habeas Corpus Petition (Doc. No. 3). On January 6, 2009, the Court set a scheduling conference and ordered the parties to confer and file a report in the form required by Fed. R. Civ. P. 26(f) (Doc. No. 10). The parties filed that report on March 30, 2009, which contained the agreement of the parties on various scheduling matters including that "4. [a]ll pre-evidentiary hearing motions for discovery will be filed no later than sixty (60) days after Respondent files such Answer/Return of Writ." (Doc. No. 22, PageID 244.)

The Return of Writ was filed December 10, 2009. On an agreed Motion, the time to move for discovery was extended to April 12, 2010 (Doc. No. 34), then to June 25, 2010 (Doc. No. 35), then to August 24, 2010 (Doc. No. 36), then to October 8, 2010 (Doc. No. 39). Petitioner's First Motion for Discovery was filed on that date (Doc. No. 51). After the Warden opposed the Motion (Doc. No. 63), Petitioner then took a three-week extension to file a Reply (Doc. No. 67). On December 23, 2010, the motion was granted in part and denied in part (Doc. No. 71). On October 31, 2011, Judge Rice sustained in part Petitioner's Objections to the Magistrate Judge's Order on

5

discovery (Doc. No. 98). The next day the Magistrate Judge set a new discovery cut-off of January 31, 2012; granted the Warden's Motion to Re-open Discovery; and ordered filing *in camera* of documents claimed to be privileged by Petitioner (Doc. No. 99). Petitioner's instant Motion to Expand the Scope of Discovery followed over two months later on January 9, 2012, just one month shy of two years after the date Petitioner's motion for discovery was originally due to be filed, a date to which Petitioner's counsel had agreed.

As to his two new lethal injection claims, Gapen notes that Ohio's current lethal injection protocol was adopted in September 2011. His claim is further based on "evidence which was obtained in the past year during the course of discovery and evidentiary hearings in *In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016." That case and its predecessor on Judge Frost's docket have been vigorously litigated, so the Court assumes the truth of counsel's representation that the relevant facts to ground these two new lethal injection claims were learned within the last year. Adding them to this case is not barred by the statute of limitations.

With respect to his four other new claims (proposed claims 26, 27, 28, and 29), Gapen claims that he just learned the relevant facts in his post-December 1, 2011, interviews with Jurors Maguire and Senter. He couples this with his assertion that these facts were not revealed to post-conviction counsel when they interviewed Maguire and Senter during the post-conviction process. The boldness of asserting due diligence under these circumstances is breathtaking. Assuming it is the superior witness-interviewing skills of present counsel that elicited the information, why weren't those skills employed in interviewing Jurors Maguire and Senter during the more than three years this case was pending before December 1, 2011? Counsel assert they "had no reason to believe (or even suspect, for that matter) that the new claims even existed . . ." (Reply, Doc. No. 109, PageID 2605). The

6

point is that they should have investigated long since: they knew the names of the jurors and nothing prevented them from interviewing Maguire and Senter at any time after they were appointed in the case.[7]

The lack of diligence on the sleeping-juror claim is even worse. Gapen's present counsel admit, as pointed out in the Warden's Memorandum in Opposition, that there is discussion of this possible issue in the trial transcript. Certainly that should have alerted them to this issue long before now.

Gapen's claim of equitable tolling is likewise without merit. The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). However, a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), quoting *Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As concluded above, Gapen has not been diligent and his asserted "extraordinary circumstance" – that Maguire and Senter did not disclose this information in their prior interviews – is unavailing because his present counsel (who have been his counsel for more than three years) could have overcome that circumstance at any time by re-interviewing these jurors.

Because proposed claims 26, 27, 28, and 29 would be subject to dismissal as barred by the statute of limitations, Gapen's motion to add them by amendment is denied. Because the statute of limitations defense is dispositive on the Motion to Amend, the Court does not reach the procedural

---

[7]What would present habeas counsel say about the professionalism of a capital trial attorney who did not find out about four assertedly dispositive constitutional claims until forty months after he or she was appointed to a case?

7

default question or the merits of these claims.

Gapen may file an amended petition including his two proposed lethal injection claims. As Petitioner notes, such claims are cognizable in habeas (Reply, Doc. No. 109, PageID 2612, citing *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011)). Whether those particular claims should be litigated in this habeas case as opposed to being litigated in the § 1983 challenge to Ohio's lethal injection practice pending before Judge Frost is an issue not yet briefed by the parties, but on which the Court invites the parties' views.

Gapen principally justifies his request to expand the scope of discovery in terms of his desire to provide a factual basis in the record in this Court on his new claims. Since the new claims are not to be added, that justification is moot. But Gapen also argues, perhaps in the alternative, that he should be allowed to do this discovery in federal court in preparation for as-yet unfiled litigation in the state courts. Properly granted discovery in habeas may uncover new evidence which warrants returning to state court; this Court has sanctioned that process on a number of occasions and its propriety is at least suggested by Justice Breyer's concurrence in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011). That does not lead to the conclusion that it is proper to intentionally use federal habeas as a discovery tool for potential state court litigation. Expansion of the scope of discovery on this alternative basis is also denied.

January 18, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge