# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY GAPEN,

        Petitioner,      :    Case No. 3:08-cv-280

  - vs -                              District Judge Walter Herbert Rice
                                                Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.     :

## DECISION AND ORDER DENYING PETITIONER'S
## MOTION TO STAY DISCOVERY

This capital habeas corpus case is before the Court on Petitioner's Motion to Stay Discovery (Doc. No. 111). Petitioner requested expedited consideration and the Warden filed a Response in Opposition on the next business day (Doc. No. 112). Petitioner has not indicated an intention to file a reply and the Motion is therefore ripe.

On January 18, 2012, the Magistrate Judge granted in part and denied in part Petitioner's Motion to Amend the Petition and to Expand the Scope of Discovery (Decision and Order, Doc. No. 110, the "Decision and Order.") That Motion was a nondispositive pretrial motion on which the Magistrate Judge had authority to rule, pursuant to 28 U.S.C. § 636(b)(1)(A). That statute also provides "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." To obtain such a ruling, a party must file objections within fourteen days. Fed. R. Civ. P. 72(A). Under S. D. Ohio Civ. R. 72.3, a Magistrate Judge's ruling on a non-case dispositive motion remains

effective unless stayed by either the issuing Magistrate Judge or the assigned District Judge.

In the instant Motion, Petitioner announces his intention to file objections to the Decision and Order, although he has not yet done so.[1]  As grounds for the Motion, Petitioner states:

> Under such circumstances [i.e. that the discovery cut-off is set for January 31 and the juror depositions for January 26-27], it is unlikely that the District Judge will have ruled on Gapen's objections before the depositions take place. If the District Judge sustains Gapen's objections after the depositions have concluded, a new round of depositions will need to be scheduled. This will cause further inconvenience to the Court, the jurors, and to counsel for the parties. And it will be beyond the current discovery deadline of January 31, 2012. Accordingly, Gapen submits that there is good cause to stay the discovery deadline, in order to ensure that each juror can be deposed in a single sitting.

*Id.* PageID 2626.

A litigant initiates review of both dispositive and non-dispositive Magistrate Judge decisions by filing objections, but the standard of review is different: *de novo* for reports and recommendations, but clearly erroneous/contrary to law for non-dispositive orders.  It is therefore appropriate to look to an appellate standard for determining whether a stay should be granted.  This Court's most recent statement of that standard is in *Gillispie v. Timmerman-Cooper*, 2011 U.S. Dist. LEXIS 147841 (S.D. Ohio Dec. 22, 2011):

> The factors traditionally considered in deciding whether to stay a judgment in a civil case... are
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[1] Petitioner's time to file objections does not expire until February 6, 2012.

*Id.* at *2, *quoting Hilton v. Braunskill*, 481 U.S. 770, 776-777 (1987), citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973).

Petitioner has not attempted to make any showing of his likelihood of success on the merits. Indeed, he has not yet said what objections he has to the Decision and Order. The Magistrate Judge found four proposed new claims (proposed Grounds for Relief 26, 27, 28, and 29) barred by the statute of limitations because Petitioner had not been diligent in discovering the factual bases of those claims. Petitioner has conceded that proposed Ground 29 is time-barred,[2] but has not stated what difference he intends to argue between Ground 29 and the other three found to be time-barred. Thus he has not made a strong showing he is likely to prevail on the merits.

In fact, Petitioner's case for amendment and expansion of discovery is weaker than it was a week ago. Petitioner's new claims about a purported receipt for a handgun which the jury allegedly saw despite its exclusion from evidence and of post-trial judicial misconduct both depend on what Juror Maguire told Attorney Cairns, who interviewed Maguire on Gapen's behalf. However, the very day after the Decision and Order was filed, Juror Maguire died. (See Notice, Doc. No. 113.) Thus there will never be an opportunity to obtain his sworn testimony in this case,[3] regardless of whether Judge Rice reverses the Decision and Order.

There will certainly be no irreparable injury to Petitioner if the Decision and Order is not stayed. While it may cause some inconvenience to set new depositions, that does not constitute irreparable injury. And it is hardly accurate to describe any additional depositions as "a new round

---

[2] Motion, Doc. No. 11 at n.1, PageID 2626.

[3] Juror Maguire refused to sign an affidavit for Attorney Cairns and also refused to sign an affidavit when interviewed during the post-conviction process.

3

of depositions." (Motion, Doc. No. 111, PageID 2626.) Given permission to depose all fourteen jurors and alternates, Petitioner has only noticed the depositions of three of them and has advised the Court he only intends actually to depose two. At most, then, only two depositions would have to be reconvened.

The people of the State of Ohio have two interests which are harmed by delay, their interest in a prompt resolution of cases pending in federal court attacking judgments of their courts and their interest in ultimate execution of the judgments of their courts.[4] In contrast a capital habeas petitioner has an interest in delay apart from any interest in adequate time for hearing his case, to wit, his interest in avoiding execution. This Court tries to balance those interests, almost always setting deadlines that have been agreed to by the parties and rarely denying agreed extensions of time. The chronology of discovery recited in the Decision and Order shows the usual practice in capital cases has been followed in this one. But at this point in this case, the public interest is strongly against further delay in the discovery process.

The Motion to Stay is denied.

January 25, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[4]Of course, if the judgment is unconstitutional, the interest of the people of the United States in vindicating constitutional rights outweighs any interest the people of Ohio have in carrying out the death penalty.