# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY GAPEN,

        Petitioner,      :   Case No. 3:08-cv-280

  - vs -

                                     District Judge Walter Herbert Rice
                                     Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.      :

## ORDER REGARDING REOPENED NEDOSTUP DEPOSITION

On April 6, 2012, the Magistrate Judge granted in part and denied in part Petitioner's Motion to Reopen the Deposition of Juror David Nedostup (Doc. No. 131). Because Mr. Nedostup had produced the book **Relativism: Feet Firmly Planted in Mid-Air** at his deposition and counsel had not had adequate time to review the book during the course of the deposition, the Court invited a motion to reopen for further examination on the book after counsel had had a chance to review it. Counsel made the Motion and the Court granted it. *Id.* On the other hand, the Court denied reopening the Nedostup deposition for further examination on the other materials he produced at his deposition, finding "Petitioner has had adequate opportunity to examine Juror Nedostup on all of the material produced by him except the book." *Id* at Page ID 3644. The Order was entered over a month ago and concluded "Counsel shall consult with Judicial Assistant Kelly Kopf to arrange a time for the additional depositions." *Id.*

Now, more than five weeks later, counsel have not contacted Ms. Kopf for dates. Instead, they filed Objections and Corrected Objections (Doc. Nos. 132, 133).

At the conclusion of Mr. Nedostup's deposition in January, Petitioner's counsel did not suggest that they needed additional time to examine what he produced in addition to the book or that they might need to reopen the examination. All they said of this matter in their Motion to reopen was "in-depth review of these documents reveals additional issues that can only be addressed by further questioning of Nedostup in the re-opened deposition. Nedostup's deposition should be reopened so that he can be questioned about these matters." (Motion, Doc. No. 125, Page ID 3198). They do not disclose to the Court what those "issues" are or why they were not apparent when the deposition was taken.

In the Objections, Petitioner states:

> The materials that Nedostup provided raise what can only be described as extremely serious questions about the legality of Gapen's death sentence. (*See id.* at 3196-98.) Gapen should be allowed to ask additional questions of juror Nedostup about these materials now that counsel has had an opportunity to thoroughly review them. Furthermore, some of the material (a printout with the title "The Bible and Capital Punishment") was written by one of the authors of the *Relativism* book. (*Id.* at 3196.) Given the close relationship between the printout and the book, Gapen should be permitted to inquire about it when Nedostup's deposition is reconvened.

(Objections, Doc. No. 132, Page ID 3649). All of the points made in this paragraph were evident on the face of the materials produced on January 26, 2012, and in Mr. Nedostup's responses to questions about those materials. All of these points were available to be made in the Motion to Reopen. Counsel have still not disclosed what "additional issues" they now see.

Discovery is not a matter of right in habeas corpus cases. Whether to grant or deny a particular piece of discovery is committed to the sound discretion of the trial court. *Bracy v.*

2

*Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  A district court decision to limit discovery will be reviewed only for an abuse of discretion resulting in substantial prejudice. *Theunissen v. Matthews,* 935 F.2d 1454, 1465 (6th Cir. 1991); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 354 (6th Cir., 1984);  *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).  Review of a grant or denial of discovery by a court of appeals is therefore governed by the abuse of discretion standard.  "A district court abuses its discretion where it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007)(*en banc*).

Because a magistrate judge exercises the discretion of the District Court in the first instance in deciding discovery questions, a magistrate judge's order on discovery should be reviewed by a district judge on objections under Fed. R. Civ. P. 72(a) for abuse of discretion. *Snowden v. Connaught Laboratories*, 136 F.R.D. 694, 697 (D. Kan. 1991); *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982); *Doe v. Marsh,* 899 F. Supp. 933, 934 (N.D.N.Y. 1995); *Commodity Futures Trading Comm'n v. Standard Forex, Inc.,* 882 F. Supp. 40, 42 (E.D.N.Y. 1995); *Bass Public Ltd. Co. v. Promus Cos., Inc*., 868 F. Supp. 615, 619 (S.D.N.Y. 1994); *In re Application for Order for Judicial Assistance in Foreign Proceedings,* 147 F.R.D. 223, 225 (C.D. Cal. 1993); *Schrag v. Dinges,* 144 F.R.D. 121, 123 (D. Kan. 1992).

Fed. R. Civ. P. 72(a) does not use the phrase "abuse of discretion." It instructs a District Judge to "modify or set aside any part of the order that is clearly erroneous or contrary to law,"in contrast to the *de novo* review standard on dispositive motions.  While 72(a) does not use the "abuse of discretion" language, its elements parallel the elements of abuse of discretion outlined in *Getsy, supra:*   reliance on clearly erroneous findings of fact, reliance on the wrong legal

3

standard, or misapplication of the correct legal standard. District Judge Rice relied on the "clearly erroneous" standard when he reversed the Magistrate Judge's decision on the scope of discovery in this case. *Gapen v. Bobby,* 2011 U.S. Dist. LEXIS 132487 (S.D. Ohio Oct. 31, 2011), finding that the Magistrate Judge had clearly erred in describing the scope of Petitioner's claims of Petitioner's allegations of juror misconduct. *Id.* at 6.

Petitioner's counsel do not argue any standard of review in the Objections. That is, they do not say why limiting the Nedostup deposition on materials other than the book to the examination already conducted is an abuse of direction, clearly erroneous, or contrary to law. The Objections instead amount to saying "We don't like what the Magistrate Judge did and we want the District Judge to do the opposite."

The Magistrate Judge is convinced the Objections are legally insufficient. However, insisting on that point would be contrary to judicial economy. On March 6, 2012, District Judge Rice granted Petitioner ninety days "to conduct the requested depositions." None of those depositions nor even the reopened deposition of David Nedostup on the issues permitted by the Magistrate Judge has been scheduled or conducted and the time expires in three weeks on June 4, 2012. Petitioner's counsel have already agreed to Respondent's request for Magistrate Judge supervision of those depositions (Motion and Notation Order, Doc. No. 123). The Magistrate Judge is not available for a number of days of deposition without some prior notice to accommodate other docket matters and will not allow pendency of these Objections to leverage further extensions of time to complete discovery.

Therefore, that portion of the Decision and Order (Doc. No. 131) objected to is VACATED, rendering the Objections moot. Solely in the interest of judicial economy and without acknowledging he has committed any abuse of discretion, made any clearly erroneous

4

finding, or acted contrary to law, the Magistrate Judge GRANTS Petitioner's Motion to Reopen the Juror Depositions (Doc. No. 125) in its entirety.  Respondent's opposition to the Motion is preserved for appeal.

May 15, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge