# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY GAPEN,

        Petitioner,    :    Case No. 3:08-cv-280

- vs -

                District Judge Walter Herbert Rice
                Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.    :

## DECISION AND ORDER ON PETITIONER'S PRIVILEGE CLAIMS

On November 1, 2011, the Magistrate Judge granted Respondent's Motion to Reopen Discovery to permit Respondent to complete depositions of Petitioner's direct appeal counsel after the Court had ruled on the privilege and work product questions expected to be raised by Petitioner's counsel with respect to the production of those documents and ordered that they be produced for in camera inspection not later than November 10, 2011; counsel was permitted to file a privilege log at the same time (Decision and Order, Doc. No. 99).  Petitioner's counsel filed the documents manually and a privilege log electronically (Doc. No. 101).

In her accompanying Affidavit, Petitioner's trial attorney describes the produced documents as follows:

> 2. The documents filed with the Court, *in camera,* pursuant to the Court's Order dated November 1, 2011, ECF Doc. 99 PageID # 1750 constitute all of the documents in Habeas Counsel's possession that are contained in direct appeal counsel's file that relate to the issues raised in Petitioner's claims of ineffective assistance of appellate counsel.

(Doc. No. 101, PageID 1759.)  With respect to each document described in the privilege log (except tabs 40-44), Petitioner makes an objection to production in the following language: "This item constitutes attorney work product.  *See Hickman v. Taylor*, 329 U.S. 495 (1947)."  No further argument is made as to the objection, nor has the Warden filed any argument regarding the objections.

As to the five items on which no objection is made, Petitioner asserts the Warden already has a copy.  The Warden has not contradicted this assertion and the Court accepts it as true.

The log also contains the note

> [1] In addition to the items listed in Gapen's privilege log, former appellate counsel's case file contains several letters from appellate counsel to Gapen, and a handful of letters from Gapen to appellate counsel. Undersigned counsel do not believe that the content of these letters would be responsive to the Court's discovery order (i.e. the subject matter of these letters does not appear to have any relevance to Gapen's claims of ineffective assistance of appellate counsel). However, undersigned counsel will provide the letters to the Court with a supplemental privilege log if the Court wishes to examine them.

(Doc. No. 101-2, PageID 1760.)  With respect to those items, the Warden has made no additional request and the Court therefore accepts counsel's representation that they are not relevant to his claims of ineffective assistance of appellate counsel made in this case.

Petitioner cites no authority for application of the work product doctrine to these materials when it is admitted that they are relevant to the claim that the authoring attorney provided ineffective assistance.  In general, "[i]f the attorney's conduct is a central issue in the case, the work-protection does not apply."  Epstein, The Attorney-Client Privilege and the Work-Product Doctrine (5th ed.) at 1004, *citing Charlotte Motor Speedway, Inc. v. International Ins.*

*Co.*, 125 F.R.D. 127 (M. D. N.C. 1989); *In re John Doe*, 662 F.2d 1073 (4th Cir. 1981); *SEC v. Nat'l Student Mktg. Corp.*, 18 Fed. R. Serv. 2d (CBC) 1302 (D.D.C. 1974).  This law is consistent with the doctrine finding waiver even of attorney-client communication privilege, which is more absolute than work product protection, when the material is relevant to a claim of ineffective assistance of counsel.  *See In re Lott*, 424 F.3d 446 (6th Cir. 2005).

Petitioner's claim of work-product protection for the materials produced in camera is overruled and the documents will be produced to the Warden's counsel forthwith.

May 30, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge