# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY GAPEN,

        Petitioner,  :  Case No. 3:08-cv-280

  - vs -

        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

        Respondent.  :

## DECISION AND ORDER ON MOTIONS TO HOLD PETITION IN ABEYANCE AND EXPAND SCOPE OF REPRESENTATION

This case is before the Court on Petitioner's Motion to hold Petition for Writ of Habeas Corpus in Abeyance Pending Exhaustion of Newly Discovered Claims Being Presented in State Court (Doc. No. 191) and Petitioner's Request for Authorization Allowing Federal Habeas Corpus Counsel to Conduct State Court Litigation (Doc. No. 192). The Motions were filed September 30, 2013, and opposed the next day by the Warden (Doc. No. 193). Consistent with this Court's prior expressed intention to expedite the decision of this case (*see* Order Regarding Case Scheduling, Doc. No. 187), the Magistrate Judge ordered that Petitioner file any reply memorandum by noon on October 4, 2013, and Petitioner has done so (Doc. No. 195).

The relevant recent procedural history is set forth in the Order Regarding Case Scheduling and need not be repeated. Since that Order was entered, the Third Amended Petition was filed on July 15, 2013 (Doc. No. 188) and the Return of Writ was filed on September 30, 2013 (Doc. No. 194), in addition to the instant Motions.

1

**Motion for Abeyance**

Petitioner desires abeyance to exhaust his Ohio remedy of a delayed motion for new trial and has filed a copy of that motion in proposed form (Exhibit A to Doc. No. 191). Ohio R. Crim. P. 33(B) provides that a motion for new trial in an Ohio criminal case must be filed within fourteen days of the verdict or, if based on newly discovered evidence, within 120 days of the verdict. The Rule recognizes an exception to these time limits:

> If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

The text of the Rule, which is unchanged since its adoption in 1973, sets no time limit on filing a motion for leave to file a delayed motion for new trial. In *State v. Pinkerman*, 88 Ohio App. 3d 158 (4th Dist. 1993), the court refused to infer any time limit on such a motion. In *State v. Davis*, 131 Ohio St. 3d 1, 6-7 (2011), the Ohio Supreme Court noted the time limits in the Rule and held Crim.R. 33 does not otherwise limit the time for filing a motion for a new trial based on newly discovered evidence. *Id.* at ¶ 27.

The text of Ohio R. Crim. P. 33 also does not state the standard on which a trial court should decide a motion for leave to file a delayed motion for new trial. In *State v. Ambartsoumov*, 2013 Ohio 3011, 2013 Ohio App. LEXIS 3057 (10th Dist. 2013), the court opined

> "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing

2

>the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-46, 19 Ohio B. 230, 483 N.E.2d 859 (10th Dist.1984). Further, "[m]ost courts * * * also require defendants to file a motion for leave within a reasonable time after discovering the evidence." *State v. Peals*, 6th Dist. No. L-10-1035, 2010-Ohio-5893, ¶ 22, citing *State v. Grinnell,* 10th Dist. No. 09AP-1048, 2010-Ohio-3028.

*Ambartsoumov*, at ¶ 12.  Thus the Ohio Rule as interpreted by the Ohio courts speaks to diligence both in discovering the new evidence and in presenting it to the trial court.

The evidence Gapen wishes to present is evidence that he discovered during these federal habeas corpus proceedings (Proposed Motion, Doc. No. 191-1, PageID 18145-46).  In January 2012, the undersigned denied a motion to amend and to expand the scope of discovery upon a finding that Gapen's counsel had not exercised due diligence in conducting the investigation which uncovered the new facts, thereby allowing the one-year statute of limitations to run (Doc. No. 110).  Upon Gapen's objections, Judge Rice overruled that finding, holding instead:

>These cases illustrate the principle that if a petitioner has absolutely no reason to suspect that a particular habeas claim exists, he or she should not be faulted for failing to exercise due diligence in uncovering evidence of that claim.  In Gapen's case, as with the discovery that the jurors had improperly consulted the Missouri highway map in *Helmig*, Petitioner's counsel stumbled across the new constitutional claims by "happenstance," in the course of interviewing one of the jurors about an existing, unrelated habeas claim. There is absolutely nothing in the trial record that would have alerted them to the fact that Juror Maguire may have been biased as a result of the violent shooting that took place in his duplex, or that, during deliberations, the jurors considered the receipt found in Gapen's wallet indicating that he may have attempted to purchase a gun using a false Social Security number, or that the jurors disclosed this fact to the trial judge, who failed to notify the attorneys that the jury had considered extraneous evidence that had not been admitted at trial.
>
>Admittedly, if Petitioner's counsel had interviewed Maguire at an earlier date, they may have gained earlier access to this information. Or maybe not.  Notably, Maguire and Senter were interviewed by Gapen's post-conviction counsel in 2002, but failed to mention anything about these matters at that time. It is not clear

3

> what prompted Maguire to discuss these particular matters during the latest interviews.
>
> In any event, as in *Helmig*, this is not a case where Gapen slept on his rights. In fact, he has diligently pursued dozens of other habeas claims. There was nothing in the record to alert him to the possible existence of these new constitutional claims. Because he had no reason to suspect that Maguire might have been influenced by the violent shooting at his neighbor's duplex, that the jury considered extraneous evidence, or that the trial judge engaged in post-trial judicial misconduct, it cannot be said that he failed to exercise due diligence with respect to these claims.
>
> In the Court's view, the Magistrate Judge's finding to the contrary was clearly erroneous or contrary to law. The Court therefore SUSTAINS Petitioner's objection with respect to this portion of the Decision and Order, and concludes that the Twenty-Sixth, Twenty-Seventh, and Twenty-Eighth Grounds for Relief are timely filed pursuant to 28 U.S.C. § 2244(d)(1)(D). Petitioner is granted leave to file a Second Amended Petition adding these three new claims, along with the lethal injection claims (Twenty-Fourth and Twenty-Fifth Grounds for Relief).

(Decision and Entry, Doc. No. 122, PageID 3055-56.) Whether and to what extent Judge Rice's finding of due diligence is binding on the Ohio courts as a matter of issue preclusion or whether, if not binding, it is persuasive, is a matter of Ohio law on which the Magistrate Judge offers no opinion.

But there is another question of due diligence presented by the instant Motion: has Gapen been diligent in presenting the new evidence to the Ohio courts since he discovered it in this case? As Judge Rice's Decision recites, Gapen's counsel learned of the factual basis for the bulk of these claims when interviewing jurors in December 2011 and January 2012. Some additional information was learned in formal discovery in this case after Judge Rice's finding in March 2012 and that additional evidence formed the basis for allowing a Third Amended Petition in December 2012 (Decision and Order, Doc. No. 169).

The United States Supreme Court has decided that district courts have authority to grant

4

stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.

The Warden strongly opposes Gapen's Motion and argues this Court should "simply deny the unexhausted claims." (Warden's Opposition, Doc. No. 193, PageID 18262.) The asserted basis for dismissal is that "the claims are procedurally defaulted because of Gapen['s] failing to present them to state court in a timely manner." *Id.* at PageID 18263. The difficulty with this argument is that procedural default doctrine requires in most instances that the state procedural rule have been enforced against the petitioner. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Ohio has, as outlined above, no deadline for filing a motion for leave to file a

delayed motion for new trial which has yet been enforced against Gapen. That cannot happen until the motion for leave to file a delayed motion for new trial has been filed and adjudicated.

Fortunately, *Rhines v. Weber* does not require a stay when claims are unexhausted; it merely permits a stay. While the federal habeas court cannot finally adjudicate a petition which includes both exhausted and unexhausted claims, nothing in *Rhines* requires this Court to suspend preparation for final adjudication until exhaustion of all claims is complete. And, as the Warden points out, habeas jurisprudence does not require any permission from this Court for Gapen to file his motion for leave to file a delayed motion for new trial in the Common Pleas Court.

Accordingly, the Motion for Abeyance is DENIED without prejudice to its renewal if the Common Pleas Court grants Gapen's motion to leave to file a delayed motion for new trial.

**Motion to Expand Scope of Representation**

Gapen seeks authorization from this Court to expand the scope of representation by his current counsel, Assistant Federal Public Defenders Sharon Hicks, Allen Bohnert, and Carol Wright, to include filing the proposed motion for leave to file a delayed motion for new trial and in "any state court proceedings relating to the disposition of the motion." (Doc. No. 192, PageID 18195.)

The Warden opposes the expansion on the grounds 18 U.S.C. § 3599(e) does not permit such an authorization for state court actions in which a habeas petitioner is entitled to counsel appointed by the state courts (Warden's Opposition, Doc. No. 193, PageID 18260-61.) Gapen replies that Ohio law does not provide for such an appointment, relying on *State v. Chumm,* 2010

6

WL 364460 (Ohio App. 4th Dist. Jan. 28, 2010); and *State v. Blankenship*, 1995 WL 746232 (Ohio App. 12th Dist. 1995). In *Chumm*, the court held:

> Ohio Courts have also held that the right to appointed counsel does not extend to post-sentence motions filed under the Criminal Rules. *See State v. McNeal,* Cuyahoga App. No. 82793, 2004-Ohio-50, at ¶ 6-8 ("Ohio courts have not granted greater rights than those in the federal constitution" and concluding that the movant had no right to appointed counsel for his Crim.R. 32.1 motion), citing *State v. Watts* (1989), 57 Ohio App.3d 32, 33, 565 N.E.2d 1282.

*Chumm*, 2010 WL 364460, at ¶ 10. The Warden offers no law to the contrary.

The Warden opines that "in these hard economic times in the federal government, it would be a waste of resources for the Federal Judiciary to litigate non-meritorious claims in state court." (Warden's Opposition, Doc. No. 193, PageID 18261.) The Magistrate Judge agrees in the abstract, but this Court has not yet determined that any of the claims to be presented are non-meritorious, Judge Rice has determined that they are not barred by the statute of limitations, and the Warden has declined to waive exhaustion. The alternative to granting the Motion would be to require Gapen to present his motion for leave to file a delayed motion for new trial *pro se*. This the Court declines to do when that motion appears to be necessary to exhaust potentially available state court remedies and his present counsel have, by signing and filing the Motion, made the professional representations required by Fed. R. Civ. P. 11.

The Motion to Expand the Scope of Representation is GRANTED.

October 8, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge
