IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY GAPEN,

    Petitioner,

v.

NORM ROBINSON, Warden,

    Respondent.

:
:
:
:
:

Case No. 3:08-cv-280

JUDGE WALTER H. RICE

DECISION AND ENTRY OVERRULING PETITIONER'S OBJECTIONS (DOCS. ##221, 225) TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO AMEND (DOC. #218, AS SUPPLEMENTED BY DOC. #224)

This matter is currently before the Court on Petitioner Larry Gapen's Objections (Docs. ##221, 225) to the Decision and Order filed by Magistrate Judge Merz (Doc. #218, as supplemented by Doc. #224), denying Petitioner Gapen's Motion for Leave to Amend his Petition for Writ of Habeas Corpus to assert a newly ripe claim under *Hurst v. Florida,* 136 S. Ct. 616 (2016). For the reasons set forth below, Gapen's objections are overruled.

I.    **Background and Procedural History**

On July 3, 2001, Gapen was convicted of aggravated murder and sentenced to death by the Court of Common Pleas of Montgomery County. He filed his Petition for a Writ of Habeas Corpus on March 10, 2009. Doc. #17. Ruling on

Gapen's first Petition was stayed pending a decision by the Ohio Supreme Court on his Application to Reopen his direct appeal. Doc. #19. That application was denied. Doc. #28. Since then, Gapen has filed three Amended Petitions for a Writ of Habeas Corpus. Docs. ##31, 124, 188. On September 30, 2013, Gapen moved to "stay the current proceedings and hold his petition for writ of habeas corpus in abeyance pending the outcome of a new trial motion filed with Montgomery County Court of Common Pleas." Doc. #191, PageID #18132. The Court sustained that motion. Doc. #203.

On January 12, 2017, Gapen filed a Motion to Temporarily Lift Stay and for Leave to File an Amended Petition to Address Newly Ripe Claims under the January 12, 2016, Supreme Court decision in *Hurst v. Florida,* 136 S. Ct. 616 (2016), which struck Florida's death penalty statute as unconstitutional. Doc. #214. Respondent consented to lifting the stay, but opposed the Motion for Leave to Amend, arguing that Gapen misinterpreted the decision in *Hurst.* Doc. #215. On February 17, 2017, Magistrate Judge Merz issued a Decision and Order Granting Motion to Vacate Stay and Denying Motion to Amend, concluding that amendment to Gapen's petition would be futile because: (1) the decision in *Hurst* does not invalidate Ohio's death penalty statute; and (2) *Hurst* does not apply retroactively to cases on collateral review. Doc. #218.

Gapen filed a timely objection to the Magistrate Judge's Order. Doc. #221. Magistrate Judge Merz issued a Supplemental Memorandum Opinion and Denial of Motion to Amend. Doc. #224. Gapen again filed a timely objection, Doc. #225,

and Respondent filed a Response. Doc. #226. This matter is now fully briefed and ripe for decision by this Court.

II. **Standard of Review**

"A motion to amend a habeas petition is a pretrial non-dispositive motion which Magistrate Judges are authorized to decide in the first instance." *McKnight v. Bobby*, No. 2:09-cv-59, 2017 WL 631411, at *1 (S.D. Ohio Feb. 15, 2017). Fed. R. Civ. P. 72(a) addresses the district judge's review of a magistrate judge's decision on a non-dispositive matter:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).[1] *See also* 28 U.S.C. § 636(b)(1)(A) (providing that the district court may reconsider pretrial matters "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

As this case involves purely legal questions concerning the interpretation of Ohio's death penalty statute and the retroactive application of the Supreme Court's

---

[1] The Federal Rules of Civil Procedure apply to this case pursuant to Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, which reads: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

3

decision in *Hurst,* the district judge reviews the matter *de novo. Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992) ("the 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard," which requires the district court to "exercise its independent judgment").

III. Analysis

Gapen seeks to add the following ground for relief to his Petition: "Gapen's Sixth, Eighth, and Fourteenth Amendment rights were violated because the jury's penalty phase findings and recommendation of a death sentence were only advisory and the judge actually made the conclusive findings and determination that Gapen be sentenced to death." Doc. #214, PageID #18587. This "newly ripe" claim follows the Supreme Court's decision in *Hurst v. Florida,* 136 S. Ct. 616 (2016).

A pending habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Fed. R. Civ. P. 15, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis,* 371 U.S. 178 (1962), the Supreme Court held that leave to amend should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

4

amendment." *Id*. at 182. The Sixth Circuit "has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment." *Thiokol Corp. v. Dep't of Treasury,* 987 F.2d 376, 383 (6th Cir. 1993).

For the reasons set forth below, the Court agrees with Magistrate Judge Merz that amendment to Gapen's habeas petition would be futile because: (A) Ohio's capital sentencing statute is materially different from Florida's; and (B) *Hurst* does not apply retroactively to cases on collateral review.

### A. Ohio vs. Florida Capital Sentencing Statutes

*Hurst* grew out of the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Ring v. Arizona*, 536 U.S. 584 (2002). In *Apprendi,* the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." It is therefore "unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Apprendi,* 530 U.S. at 490.

Thereafter, in *Ring*, the Supreme Court struck Arizona's capital sentencing statute as unconstitutional, because it permitted the judge to find an aggravated circumstance which exposed Ring "to a greater punishment than that authorized by the jury's guilty verdict." *Ring*, 536 U.S at 604 (quoting *Apprendi*, 530 U.S. at

5

494). But for the judge's independent fact-finding, the maximum sentence that Ring could have received was life in prison.

Timothy Hurst was convicted of first-degree murder, a capital offense in Florida. Florida's death penalty statute provided that he could be sentenced to death only if an additional proceeding "results in findings by the court that such person shall be punished by death." *Hurst*, 136 S. Ct. at 620 (citing Fla. Stat. § 775.082(1)).

That proceeding involves a three-step process. First, "the sentencing judge conducts an evidentiary hearing before a jury." *Id.* (citing Fla. Stat. §921.141(1)). Second, the jury "renders an 'advisory sentence' of life or death without specifying the factual basis of its recommendation." *Id.* (citing Fla. Stat. §921.141(2)). Then, [n]otwithstanding the recommendation of a majority of the jury, the court, after weighing the aggravating and mitigating circumstances, shall enter a sentence of life imprisonment or death." *Id.* (citing Fla. Stat. §921.141(3)). The court's findings upon which the sentence is based must be set forth in writing. Although the judge is to give "great weight" to the jury's recommendation, the sentencing order must "reflect the trial judge's independent judgment about the existence of aggravating and mitigating factors." *Id.* (quotations omitted).

Hurst's jury recommended that he be sentenced to death, and the judge agreed. On appeal, the Supreme Court found that Florida's sentencing scheme, like Arizona's at the time of *Ring*, "does not require the jury to make critical findings necessary to impose the death penalty." *Id.* at 622. The jury's

6

recommendation is purely advisory. The jury "does not make specific factual findings with regard to the existence of mitigating or aggravating circumstances and its recommendation is not binding on the trial judge." *Id.* (quoting *Walton v. Arizona*, 497 U.S. 639, 648 (1990)). Under Florida law, a defendant does not become *eligible* for the death penalty until "findings *by the court* that such person shall be punished by death." *Id.* (quoting Fla. Stat. §775.082(1)) (emphasis in original).

Quoting *State v. Rogers,* 28 Ohio St. 3d 427 (Ohio 1986), Gapen argues that, because Ohio's capital sentencing statute is "remarkably similar" to Florida's, Ohio's statute is also unconstitutional. Magistrate Judge Merz properly chastised Gapen for "ripping language out of context and using it to prove a proposition not intended by the author." Doc. #224, PageID #18649. *Rogers* held that the statutes were similar in that neither Florida nor Ohio has a "sentencing jury;" instead, the imposition of the sentence is imposed by the trial judge. *Rogers*, 28 Ohio St. 3d at 430. *Rogers* did not hold that Ohio's statute was "remarkably similar" to Florida's in terms of the judge's ability to impose the death penalty independent of crucial factual findings by the jury. Therefore, in the opinion of the undersigned, Gapen's argument that deference should be given to the Ohio Supreme Court's opinion in *Rogers* is not only unconvincing, it is unsupported by law.

In fact, the Ohio Supreme Court recently found that "Ohio's capital sentencing scheme is *unlike* the laws at issue in *Ring* and *Hurst*." *State v. Belton,*

7

149 Ohio St. 3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶59 (emphasis added), *reconsideration denied,* 147 Ohio St.3d 1440, 2016-Ohio-7681, 63 N.E.3d 158 (Table), and *cert. denied,* No. 16-8526, 2017 WL 1198480 (U.S. June 26, 2017). The Court explained:

> In Ohio, a capital case does not proceed to the sentencing phase until *after* the fact-finder has found a defendant guilty of one or more aggravating circumstances. *See* R.C. 2929.03(D); R.C. 2929.04(B) and (C); *State v. Thompson*, 141 Ohio St. 3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶147. Because the determination of guilt of an aggravating circumstance renders the defendant eligible for a capital sentence, it is not possible to make a factual finding during the sentencing phase that will expose a defendant to greater punishment. Moreover, in Ohio, if a defendant is tried by a jury, then the judge cannot impose a sentence of death unless the jury has entered a unanimous verdict for a death sentence. R.C. 2929.03(D)(2).

*Id.* (emphasis in original). The "subsequent weighing processes for sentencing purposes do not implicate *Apprendi* and *Ring*. Weighing is *not* a fact-finding process subject to the Sixth Amendment, because '[t]hese determinations cannot increase the potential punishment to which a defendant is exposed as a consequence of the eligibility determination.'" *Id.* at ¶60 (emphasis in original) (quoting *States v. Gales*, 265 Neb. 598, 628, 658 N.W.2d 604 (2003)).

The *Belton* decision underscores the critical difference between the capital sentencing schemes of Florida and Ohio. Florida's is unconstitutional because it allows the *judge* to make the decision that renders the defendant death-eligible. Ohio's is constitutional because it requires the *jury* to make the decision that renders the defendant death-eligible. An Ohio trial judge cannot *elevate* a

8

defendant's sentence to death based on his or her own fact-finding or make a defendant eligible for the death sentence *independent* of a jury's verdict.

Accordingly, Magistrate Judge Merz correctly concluded that the two statutes are "materially different." Doc. #224, PageID #18650. For this reason, it would be futile to allow Gapen to amend his Petition to assert a *Hurst* claim.

### B. Retroactivity

Amendment would also be futile because *Hurst* does not apply retroactively to cases on collateral review. As a general rule, new rules announced in Supreme Court cases apply retroactively to cases on direct review, but not to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288 (1989). A rule is considered new if it "was not dictated by precedent existing at the time the defendant's conviction became final." *Id.*, at 301. "[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," unless they meet one of two exceptions. *Id.* at 311.

A new rule can be applied retroactively to cases on collateral review if the rule is either a "substantive" or a "watershed" rule. *Saffle v. Parks*, 494 U.S. 484, 494-95 (1990). A new rule is "substantive" if it "places a class of private conduct beyond the power of the State to proscribe," or "addresses a 'substantive categorical guarante[e] accorded by the Constitution,' such as a rule 'prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Id.* at 494 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 329, 330 (1989), abrogated on other grounds by *Atkins v. Virginia.*, 536 U.S. 304 (2002)).

9

A new rule is a watershed rule of criminal procedure if it implicates "the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 495. The Supreme Court has emphasized the extreme narrowness of the watershed exception by stating that, "in providing guidance as to what might fall within this exception, we have repeatedly referred to the rule of *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel), and only to this rule." *Beard v. Banks*, 542 U.S. 406, 417 (2004).

Magistrate Judge Merz found the decision in *Hurst* to be "plainly new within the meaning of *Teague*," as "it was not dictated by precedent." Doc. #218, PageID #18622. He found, however, that *Hurst* was not applicable to cases on collateral review because it falls under neither exception set forth in *Teague*. *Id.*

The undersigned agrees with Respondent that *Hurst* does *not* announce a new rule of criminal procedure. It simply applied the principles established in *Apprendi* and *Ring*. *See Sneed v. Jenkins*, No. 5:17-cv-83, 2017 WL 564821, at *4 (N.D. Ohio Feb. 13, 2017) (finding that "[t]he Supreme Court in *Hurst* plainly and expressly applied the standard it first set forth in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and later applied to capital cases in *Ring v. Arizona,* 536 U.S. 584 (2002), to Florida's capital-sentencing scheme; it neither expanded the *Apprendi/Ring* rule nor announced a new rule"). Nevertheless, even if *Hurst* did announce a new rule, Magistrate Judge Merz properly found that the rule in *Hurst* does not fall under either exception set forth in *Teague*.

Notably, Gapen does not take issue with the Magistrate Judge's finding that *Hurst* does not qualify for retroactive application under *Teague.* Instead he argues that, despite *federal* retroactivity considerations, he has good cause to amend his petition, because Florida and Delaware have held that *Hurst* applies retroactively,[2] and Ohio has not yet ruled on the topic. Doc. #214, PageID ##18581-82. Gapen further notes that "[s]ince the Magistrate Judge lifted the stay in Gapen's case only for the limited purpose of filing this motion [] for amendment, his case otherwise remains stayed under *Rhines v. Weber*, 544 U.S. 269 (2005)," and "[i]f Gapen is permitted to file an amended petition, he would then be able to fully litigate his *Hurst* claim in state court." Doc. #221, PageID #18638.

Magistrate Judge Merz found Gapen's argument concerning other states' retroactive application of *Hurst*, to be irrelevant because those state decisions were based on "state law retroactivity doctrine," which is not applicable for the purposes of this Motion. Doc. #218, PageID #18622. Magistrate Judge Merz correctly noted that "Gapen cites no Ohio case finding any United States Supreme Court decision retroactively applicable to a case on collateral review under Ohio law. Thus, he has not offered support for the findings required by *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005), to expand his stay of these proceedings to

---

[2] *See Mosley v. Florida,* 209 So.3d 1248, 1274 (Fla. 2016) (finding that *Hurst* should be applied retroactively to state habeas petition); *Powell v. Delaware,* 153 A.3d 69 (Del. 2016) (finding that *Rauf v. Delaware*, 145 A.3d 430 (Del. 2016), which was based on *Hurst*, applied retroactively on motion to vacate death sentence).

11

include exhaustion of a *Hurst* claim in the Ohio courts." Doc. #224, PageID #18651.

In support of his argument that the "Ohio Supreme Court likely will conclude that *Hurst* is retroactive under Ohio law[,]" Doc. # 225, PageID ##18660-61, Gapen relies only on the Ohio Supreme Court's decision in *State v. Kirkland*, 145 Ohio St. 3d 1455 (2016), which was decided without any opinion.[3] In the view of this Court, *Kirkland* does not necessarily give rise to an inference that the Ohio Supreme Court would find that *Hurst* applies retroactively. In any event, even if the Ohio Supreme Court did find that *Hurst* applies retroactively, it appears that the decision in *Belton*, noting the critical differences between the capital sentencing schemes in Ohio and Florida, would foreclose the relief that Gapen seeks. Accordingly, allowing Gapen to amend his Petition to assert a *Hurst* claim would be futile.

## IV. Conclusion

For the reasons stated above, Gapen's Objections to Magistrate Judge Merz's Order Denying Gapen's Motion for Leave to Amend his Petition for Writ of Habeas Corpus to assert a *Hurst* claim are OVERRULED.

---

[3] The decision in *Kirkland* reads, in its entirety, as follows:

> On application for reopening under S.Ct.Prac.R. 11.06. Application denied. On motion for order or relief. Motion granted. Cause remanded for new mitigation and sentencing hearing.

*Kirkland,* 145 Ohio St. 3d 1455.

Date: August 14, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE